571 F.2d 1289
 8 Envtl. L. Rep. 20,297
 VIRGINIA ELECTRIC AND POWER COMPANY, Petitioner,
v.
UNITED STATES NUCLEAR REGULATORY COMMISSION and United
States of America, Respondents,
Commonwealth of Virginia, Intervenor.
NORTH ANNA ENVIRONMENTAL COALITION, Petitioner,
v.
UNITED STATES NUCLEAR REGULATORY COMMISSION and United
States of America, Respondents,
Virginia Electric and Power Company, Intervenor,
Commonwealth of Virginia, Intervenor.
 Nos. 76-2275 and 76-2331.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 6, 1977.
Decided Feb. 28, 1978.
 
 Michael W. Maupin, Richmond, Va. (James N. Christman and James M. Rinaca, Hunton & Williams, Richmond, Va., on brief), for petitioner VEPCO in 76-2275 and for intervenor VEPCO in 76-2331.
 William H. Rodgers, Georgetown University Law Center, Washington, D. C., for petitioner North Anna Environmental Coalition in 76-2331 and for intervenor in 76-2275.
 Stephen F. Eilperin, Asst. Gen. Counsel, Washington, D. C. (Peter L. Strauss, Gen. Counsel, James A. Fitzgerald and Steven P. Goldberg, Attys., U. S. Nuclear Regulatory Commission, Peter R. Taft, Asst. Atty. Gen. and Edmund B. Clark, Atty., U. S. Dept. of Justice, Washington, D. C., on brief), for respondents in 76-2275 and 76-2331.
 Anthony Gambardella, Attorney General's Office, Richmond, Va., for intervenor in 76-2331.
 Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and BUTZNER, Circuit Judge.
 PER CURIAM:
 
 
 1
 The Virginia Electric and Power Company (VEPCO) and the North Anna Environmental Coalition petition for review of an order of the Nuclear Regulatory Commission imposing civil penalties in the amount of $32,500 against VEPCO for making false statements in connection with its application for a license to construct and operate a nuclear power plant.[1] VEPCO charges that the Commission has misconstrued § 186 of the Atomic Energy Act, 42 U.S.C. § 2236, and that the evidence is insufficient to support the Commission's order. The Coalition complains that the Commission erred by exonerating VEPCO for certain statements and that the penalty was so mild that it constituted abuse of administrative discretion. The Commonwealth of Virginia intervened to support the Commission. We affirm the order of the Commission.
 
 
 2
 Sections 186 and 234 of the Atomic Energy Act (42 U.S.C. §§ 2236 and 2282) authorize the Commission to revoke construction permits and levy civil penalties if the licensee makes "any material false statement" in its application to the Commission.[2] The statements in question pertain to geologic faulting at the site of VEPCO's North Anna power station in Louisa County, Virginia. In a related proceeding the Licensing Appeal Board ruled that the site was stable, that the presence of the fault did not bar approval of the construction permits, and that the nuclear plant could be constructed and operated at the site without undue risk to the health and safety of the public. This decision was affirmed on petition for review. See North Anna Environmental Coalition v. United States Nuclear Regulatory Commission, 174 U.S.App.D.C. 428, 533 F.2d 655 (1976).
 
 
 3
 The petitions now before us do not deal with the safety of the North Anna site but rather with the charge that VEPCO made false statements to the Commission. The parties stipulated that VEPCO believed the statements were true when it made them, and none of the parties claim that VEPCO intended to deceive the Commission.
 
 The Commission ruled:
 
 4
 that knowledge of falsity is not necessary for liability under Section 186 of the Atomic Energy Act, . . .
 
 
 5
 that materiality should be judged by whether a reasonable staff member should consider the information in question in doing his job.
 
 
 6
 . . . that 'material false statement' may appropriately be read to insure that the Commission has access to true and full information so that it can perform its job. Nor is 'material false statement' such an unlikely choice of language for reaching acts of omission as well as commission. . . . silence regarding issues of major importance to licensing decisions is readily reached under the statutory phrase 'material false statement.'[3]
 
 
 7
 For reasons fully stated by the Commission we conclude that its stringent interpretation of § 186 is consistent with the legislative history and with the Commission's statutory mandate to assure that the utilization of nuclear material "will provide adequate protection to the health and safety of the public." 42 U.S.C. § 2232(a).
 
 
 8
 Substantial evidence supports the Commission's decision that VEPCO made seven material false statements. Also, the Commission did not err in acquitting VEPCO on 12 other charges. In this connection, we do not share the Coalition's concern that the Commission ruled that an expert's opinion can never constitute a material false statement. The Commission's exoneration of VEPCO on two charges dealing with a consultant's opinion must be read in context.[4] The evidence disclosed that the opinion was sincerely held and that it was based on investigations that were neither inadequately nor negligently conducted. Nothing in the record indicates that under different circumstances the Commission would absolve an applicant who furnished the agency an opinion that was not genuinely held, or who disguised a material false statement as an opinion. In view of VEPCO's lack of intent to deceive the Commission, we conclude that the imposition of a $32,500 penalty did not constitute an abuse of discretion.
 
 
 9
 The order of the Commission is affirmed in all respects.
 
 
 
 [1]
 In re: Virginia Electric and Power Company (North Anna Power Station, Units 1 and 2) 4 NCRI 480 (1976). Earlier decisions at lower levels within the agency are reported under the same style at 3 NCRI 347 (1976) (Atomic Safety and Licensing Appeal Board) and 2 NCRI 498 (1975) (Atomic Safety and Licensing Board)
 We deny the Coalition's motion to supplement the record with the final advisory memorandum of the United States Department of Justice, dated May 11, 1977, entitled "Recommending Against Prosecution of Virginia Electric Power Company for Failure to Disclose a Geological Fault (18 U.S.C. 1001)." This document was not before the administrative agency and is irrelevant to the issues before this court.
 
 
 [2]
 Section 186 of the Act, 42 U.S.C. § 2236, provides in relevant part:
 (a) Any license may be revoked for any material false statement in the application or any statement of fact required under section 2232 of this title, or because of conditions revealed by such application or statement of fact or any report, record, or inspection or other means which would warrant the Commission to refuse to grant a license on an original application, or for failure to construct or operate a facility in accordance with the terms of the construction permit or license or the technical specifications in the application, or for violation of, or failure to observe any of the terms and provisions of this chapter or of any regulation of the Commission.
 
 
 [3]
 See In re: Virginia Electric and Power Company (North Anna Power Station, Units 1 and 2) 4 NCRI at 486, 489 (1976)
 
 
 [4]
 The Appeal Board's analysis of these two statements appears at 3 NCRI at 381-82. In its opinion, the Commission adopted this analysis. 4 NCRI at 488